©**COPY**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Esther P. Holm, SBN 140279
    Email: holm@lbbslaw.com
Rachel W. Menkes, SBN 233938
    Email: rmenkes@lbbslaw.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: (714) 545-9200
Facsimile: (714) 850-1030

Attorneys for Defendants, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, a New York corporation; ABERCROMBIE & KENT, INC., an Illinois corporation

FILED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GALLAGHER, an individual, and JOHANNA SANCHEZ, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, a New York corporation; ABERCROMBIE & KENT, INC., an Illinois corporation and DOES 1 through 20, inclusive,<br><br>        Defendants. | CASE NO. SACV08 - 743 AG (PNBx)<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY OF CITIZENSHIP]** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY and ABERCROMBIE & KENT, INC., (referred to hereafter as "Defendants"), by and through their counsel, hereby remove to this Court the state court action described below on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(b) as follows:

1.    On May 23, 2008, plaintiffs Richard Gallagher and Johanna Sanchez (referred to hereafter as "Plaintiffs"), by and through their attorney, filed a civil action in the Superior Court of the State of California for the County of Orange, entitled

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1  *Richard Gallagher, an individual, and Johanna Sanchez, an individual v. American*
2  *Express Travel Related Services Company, a New York corporation, Abercrombie &*
3  *Kent, Inc., an Illinois corporation,* Case No. 00107116.  A true and correct copy of the
4  Complaint is attached as **Exhibit A**.

5       2.     On or about May 27, 2008, the Complaint was served on Defendants
6  American Express Travel Related Services and Abercrombie & Kent, Inc. via U.S. mail.
7  A copy of the Proof of Service in this state court action is attached as **Exhibit B**.  On
8  or about June 5, 2008, American Express Travel Related Services received the
9  Complaint via certified mail.  A copy of the Service of Process Transmittal from CT
10  Corporation is attached as **Exhibit C**.  On or about June 6, 2008, Abercrombie & Kent,
11  Inc. received the Complaint via certified mail.  Thus, this notice of removal is within the
12  thirty (30) day time limit for removal set forth in 28 U.S.C. §1446(b).

13       3.     A Notice of Case Assignment – Unlimited Civil Case was not served on
14  Defendants.  No further proceedings have occurred in this matter in the Superior Court
15  of Orange County, California.

16       4.     The basis for removal is that this Court has original jurisdiction of this
17  action under 28 U.S.C. §1332 and is one which may be removed to this Court by
18  Defendants pursuant to 28 U.S.C. §1441(b), in that it is a civil action wherein the
19  amount in controversy exceeds the jurisdictional minimum of this Court of $75,000.00,
20  exclusive of interest and costs, and is a civil action between citizens of different states
21  such that complete diversity exists.

22       5.     Defendants are informed and believe that plaintiffs Richard Gallagher and
23  Johanna Gomez were, at the time of filing of this action, and still are domiciled in the
24  State of California.  Plaintiffs allege that they are residents of the County of Orange in
25  the state of California. (Complaint, ¶¶ 1&2.)

26       6.     Defendant AMERICAN EXPRESS TRAVEL RELATED SERVICES
27  COMPANY was, at the time of the filing of this action, and still is, a corporation,
28  incorporated under the laws of the New York, having its corporate headquarters and

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1  principal place of business in the City of New York, State of New York.  Plaintiffs

2  allege that AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY is

3  a corporation, duly incorporated in the State of New York, with its principal place of

4  business in New York, New York. (Complaint, ¶ 3.)

5       7.     Defendant ABERCROMBIE & KENT, INC. was, at the time of the filing

6  of this action, and still is, a corporation, incorporated under the laws of the Illinois,

7  having its corporate headquarters and principal place of business in the City of Oak

8  Brook, State of Illinois.  Plaintiffs allege that ABERCROMBIE & KENT, INC. is a

9  corporation, duly incorporated in the State of Illinois, with its principal place of

10  business at 1520 Kensington Road, Suite 212, Oak Brook, Illinois 60523-2156.

11  (Complaint, ¶ 4.)

12       8.     Plaintiffs' Complaint indicates that this is an unlimited civil case and

13  alleges that Plaintiffs are entitled to judgment in an undetermined amount but including

14  an award of damages proximately caused by the Defendant's acts and punitive damages,

15  according to proof.  (Prayer for Relief, ¶ 67, a-e.)  The damages which Plaintiffs claim

16  were caused by Defendant's acts include the base portion of the trip which cost

17  Plaintiffs $70,000, with the total anticipated price for the excursion being at least

18  $100,000. (Complaint, ¶ 63.)  Thus, the amount in controversy exceeds $75,000.00 as

19  required for removal pursuant to 28 U.S.C. §1332.

20       9.     Because both American Express Travel Related Services and Abercrombie

21  & Kent, Inc. are represented by the same counsel, all defendants join in this notice of

22  removal and no additional consent is required.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200

1  WHEREFORE, Defendants file this Notice of Removal of this action from the

2  aforesaid Superior Court, in which it is now pending, to the District Court of the United

3  States, Central District of California, Southern Division, located at 411 West Fourth

4  Street, Santa Ana, CA 92701-4516, a copy of which has been served upon plaintiff.

5

6

7  DATED: July __7__ , 2008          LEWIS BRISBOIS BISGAARD & SMITH LLP

8

9

10  By: _____

11  Esther P. Holm, Esq.
     Rachel W. Menkes, Esq.

12  Attorneys for Defendants AMERICAN
     EXPRESS TRAVEL RELATED SERVICES

13  COMPANY, a New York corporation;
     ABERCROMBIE & KENT, INC., an Illinois

14  corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4813-9958-5794.1

-4-

NOTICE OF REMOVAL

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY
a New York corporation; ABERCROMBIE & KENT, Inc., an Illinois
corporation; and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD GALLAGHER, an individual, and JOHANNA SANCHEZ,
an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 23 2008

ALAN SLATER, Clerk of the Court

BY:___R. LUCEY___, DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*  30 2008

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* 07 1 1 6 |
| Superior Court of the State of California, County of Orange | |
| Central Justice Center, 700 Civic Center Drive West | |
| Santa Ana, CA 92701 | |

JUDGE DANIEL J. DIDIER
DEPT. C15

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason B. Witten     Ph:(949) 833-8483
Wang Hartmann Gibbs & Cauley, PLC, 1301 Dove Street, Suite 1050, Newport Beach, CA 92660

| DATE: MAY 23 2008   ALAN SLATER | Clerk, by ___R. LUCEY___, | Deputy |
| --- | --- | --- |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | American LegalNet, Inc. \| www.USCourtForms.com |
| SUM-100 [Rev. January 1, 2004] | | |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jason B. Witten SBN: 220612 ;Dara M. Tang SBN:231413<br>Wang Hartmann Gibbs & Cauley, P.L.C.<br>1301 Dove Street, Suite 1050<br>Newport Beach, California 92660<br>TELEPHONE NO.: 949-833-8483   FAX NO.: 949-833-2281<br>ATTORNEY FOR *(Name):* Plaintiffs Richard Gallagher and Johanna Sanchez | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>MAY 23 2008<br><br>ALAN SLATER, Clerk of the Court<br><br>BY:    R. LUCEY    , DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92702-1994
BRANCH NAME: Central Justice Center

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2008<br>00107116<br><br>JUDGE:<br>JUDGE DANIEL J. DIDIER<br>DEPT. C15 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☑ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Six (6) - see attached complaint.
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 23, 2008

Dara M. Tang
_____       ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 (Rev. July 1, 2007) | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

008

WANG, HARTMANN, GIBBS & CAULEY P.L.C.
A Professional Law Corporation
Richard Cauley: SBN 109194
Jason B. Witten: SBN 220612
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Telephone: (949) 833-8483
Facsimile: (949) 833-2281

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 23 2008

ALAN SLATER, Clerk of the Court

BY: B. LUCEY ____ DEPUTY

Attorneys for Plaintiffs.

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ORANGE

30-2008

RICHARD GALLAGHER, an individual, and
JOHANNA SANCHEZ, an individual,

      Plaintiffs,

vs.

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, a New York
corporation; ABERCROMBIE & KENT, Inc.,
an Illinois corporation; and DOES 1-20,
inclusive,

      Defendants.

Case No.

00107116

COMPLAINT FOR:

1. NEGLIGENCE;
2. FRAUD;
3. CONSTRUCTIVE FRAUD;
4. PROMISSORY FRAUD;
5. NEGLIGENT MISREPRESENTATION;
6. BREACH OF CONTRACT

JUDGE DANIEL J. DIDIER
DEPT. C15

Plaintiffs Richard Gallagher and Johanna Sanchez, for their complaint against Defendants American Express Travel Related Services Company, and Abercrombie & Kent, Inc., state as follows:

### PARTIES

1.    Plaintiff Richard Gallagher ("Gallagher") is an individual and a resident of the County of Orange in the State of California.

- 1 -

COMPLAINT

2.      Plaintiff Johanna Sanchez ("Sanchez") is an individual and a resident of the County of Orange in the State of California. Except as where noted, Plaintiffs will be collectively referred to as "Plaintiffs."

3.      Plaintiffs are informed and believe that Defendant American Express Travel Related Services Company ("AmEx") is a corporation, duly incorporated in the State of New York, with its principal place of business in New York, New York.

4.      Plaintiffs are informed and believe, and based thereon allege, that Defendant Abercrombie & Kent, Inc. ("A&K") is a corporation duly incorporated in the State of Illinois, with its principal place of business at 1520 Kensington Road, Suite 212, Oak Brook, Illinois 60523-2156.

5.      Plaintiffs are informed and believe and thereon allege that each defendant, in addition to acting individually, was at all times mentioned in this complaint the principal, agent, employee, partner, joint venture, co-conspirator, representative or alter ego of some of all of the other defendants, and at all times mentioned in this complaint committed such acts or omissions within the course and scope of such agency, employment, partnership, joint venture, conspiracy, representation or alter ego relationship with the full knowledge, consent, authority and/or ratification of some or all of the remaining defendants.

6.      All the above Defendants, and Does 1 to 20, and each of them, shall be jointly referred to throughout this Complaint as "Defendants" unless individual references are necessary as referenced above.

7.      The Defendants named herein as Does 1 through 20, inclusive, are unknown to Plaintiffs, who therefore sue such defendants by fictitious names pursuant to California Code of Civil Procedure 474. Plaintiffs are informed and believe, and thereon allege, that each fictitiously named "Doe" defendant is in some manner, means or degree responsible for the events and happenings alleged in this complaint. Plaintiffs will amend this complaint to assert the true names and capacities of the fictitiously designated "Doe" defendants when ascertained.

- 2 -
COMPLAINT

**JURISDICTION AND VENUE**

8.    This Court has personal jurisdiction over Defendants because their activities in or contacts in California give rise to this Action.   Defendants solicit, transact, and are doing business within California; have committed unlawful and tortious acts within California; have committed unlawful and tortious acts causing injury in California; and are regularly doing business or engaging in a persistent course of conduct in California.

9.    Venue is proper in Orange County pursuant to Cal. Civ. Proc. Code §395.5 because Plaintiffs are informed, believe, and thereon allege that the contract giving rise to the obligation was made in this county, and Defendants regularly do business in this county.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**GENERAL BACKGROUND**

10.    Plaintiffs are informed, believe, and thereon allege that on or about November 2007, Ms. Lynette Noa ("Noa"), on behalf of AmEx, solicited Plaintiffs to purchase a vacation package to Mentawis, Egypt and Kenya. The vacation package was to involve amenities such as private tours, first class airfare, high quality hotel stays, safari excursions, and so forth. The base portion of the trip cost them $70,000. The total anticipated price for the excursion was at least $100,000 ("Vacation").

11.    In reliance on Noa's representations, Plaintiffs purchased the Vacation from Defendants. Plaintiffs and Defendants agreed that Plaintiffs would plan the first portion of the trip to Mentawis themselves, but that Defendants would handle and plan the arrangements for the Egyptian and Kenyan portion of the Vacation.

12.    In December 2007, Plaintiffs began their trip. The first portion of the trip to Mentawis, which they had planned themselves, was pleasant and uneventful.

**THE EGYPTIAN PORTION OF THE TRIP**

13.    On or about November 16, 2007, Plaintiffs began the Egyptian part of the trip that was arranged by Defendants. The Egyptian leg of the trip was not at all what Defendants promised. For example:

- 3 -

**COMPLAINT**

A.  Plaintiffs were promised that they would be provided private drivers, and
    Plaintiffs paid for private drivers. Plaintiffs did not get private drivers, but had to
    share transportation with other travelers.

B.  Defendants promised a pleasant voyage down the Nile. Instead, the cabin on the
    first arranged cruise boat was so small that Plaintiffs were forced to take a second,
    larger boat. However, the second cruise boat was similarly unpleasant, as it was
    besieged by over-aggressive river merchants and beggars who were able to invade
    Plaintiffs' private space on the boat and harassed them.

C.  Plaintiffs were promised that the cruise boat would dock and that they would then
    take a private tour of Edfu's Temple with a private driver in an automobile.
    Defendants did not deliver on that promise. Instead, Plaintiffs were put in a group
    tour and placed in an uncomfortable horse-drawn carriage. Worst of all, the guide
    assigned to Plaintiffs either deliberately abandoned them or negligently lost track
    of them in a sea of approximately 200,000 people. Plaintiffs were forced to
    improvise their way out of this dangerous situation by making their own
    arrangements to return to the tour boat.

THE BABOON ATTACK AND INJURIES IN KENYA

14.   On or about November 27, 2007, Defendants arranged a trip to a picnic area in the
National Park of Nairobi which was infested by aggressive baboons.

15.   Defendants should have been on notice of these violent and aggressive baboons,
as Plaintiffs are informed, believe and based thereon allege that these baboons had attacked
school children at this site only a week earlier. Rangers had come out and killed most of the
aggressors. However, they left the baboon leader who had initiated the attack.

16.   The dangerous baboons physically attacked Plaintiffs. Sanchez fell down in her
attempt to escape the attacking baboons, and seriously cut her knee. The injury was aggravated
by baboon excrement that was scattered around the site and which got into her wound.

17.   Defendants' personnel assured Plaintiffs that medical assistance was unnecessary.
This led to Sanchez's knee becoming seriously infected as discussed further below.

- 4 -
COMPLAINT

1    THE KENYA SAFARI AND SANCHEZ'S INJURIES

2        18.    Defendants then arranged for Plaintiffs to go on a guided safari to meet the local
3    people and see the local wildlife. However, the guide provided was a disaster. For example:

4        A.    The guide and owner of the camp, Luca, pressured Plaintiffs into making
5              "donations" to help him make his payroll.

6        B.    Luca verbally abused his staff of native Masi tribesmen in a totally unacceptable
7              fashion. Plaintiffs were horrified by Luca's bad behavior.

8        C.    Luca informed Plaintiffs he would take them in a group for a trip to see the sunset
9              and to drink Luca's family's wine which they could purchase. Plaintiffs protested
10             that they were there to see the local wildlife.

11       D.    Plaintiffs then went to see their accommodations. Plaintiffs were charged extra to
12             stay in a "suite." The suite turns out to be a tent like everyone else's with no
13             special amenities.

14       E.    Plaintiffs then made the specific request to Luca to go on a nocturnal trip to see
15             the local wildlife but Luca refused, misrepresenting that such trips were not
16             allowed. When caught in his lie, Luca threatened to kick the Plaintiffs out.

17       F.    Plaintiffs were happy to leave and went to their tent to pack their belongings. In
18             response, Luca sent an unsuspecting staff member to thank them for purportedly
19             agreeing to stay (apparently a desperate effort to trick or persuade Plaintiffs to
20             stay). Plaintiffs then repeated their unchanged request to leave but Luca refused
21             to allow them to be brought back to the city.

22       G.    Luca repeatedly advertised that he would provide a satellite phone for use by
23             guests. However, when Plaintiffs specifically requested to use the satellite phone,
24             Luca refused.

25       H.    Luca then attempted to separate Plaintiffs with a sheet from the other guests at the
26             dinner table. Sanchez was forced to go to the head of the table during dinner and
27             demand to use the satellite phone. Luca finally allowed her to call Noa at AmEx

28

- 5 -
COMPLAINT

1    to arrange for evacuation.  However, after only approximately 5 minutes the

2    battery on the satellite phone died and Sanchez could call her family.

3   **SANCHEZ'S MEDICAL CRISIS**

4        19.    As noted above, Sanchez's knee became cut during the earlier baboon attack and

5   the cut was exposed to baboon excrement.  Personnel arranged for by Defendants assured her

6   from the day that it happened, and everyday after which, that she did not need professional

7   medical attention.  Those assurances turned out to be false.

8        20.    Instead, Sanchez's knee became very seriously infected.  It swelled by about half

9   an inch and began to have discharge.  She had to seek treatment from a local doctor in Kenya

10  who was forced to give her three injections and cut the infected flesh off with a knife.  The

11  experience was agonizing and left a large scar.

12       21.    While in Nairobi, Plaintiffs met an A&K representative and informed him of the

13  ugly details of their trip.  Defendant's representatives promised Plaintiffs that they would take all

14  necessary steps to remedy the problem.  A&K has not taken action.

15       22.    Similarly, upon Plaintiffs' return to the United States, despite Plaintiffs' attempts

16  to contact AmEx, AmEx has not taken action.

17                          **FIRST CAUSE OF ACTION**

18                              (Negligence)

19                          Against all Defendants

20       23.    Plaintiff repeats and realleges paragraphs 1 through 22, above, as though fully set

21  forth herein.

22       24.    At all times mentioned in this complaint, Defendants and each of them were

23  engaged in the business of travel planning.

24       25.    At all times mentioned in this complaint, Defendant A&K was the agent and/or

25  subcontractor of Defendant AmEx, and, in doing the things hereinafter alleged, were acting in

26  the scope of its agency and with the permission and/or consent of Defendant AmEx.

27       26.    A travel agent has a duty to warn of those dangers to which the agent is aware, or

28  should be aware in the exercise of due care.  Defendants acted as traditional travel agents and

                                - 6 -
                             COMPLAINT

1  arranged all aspects of the Egypt and Kenya trip for Plaintiffs. As such, Defendants owed a duty
2  to Plaintiffs to use reasonable efforts to apprise Plaintiffs of information material to the agency,
3  and of which Defendants should have been aware of in the exercise of due care.
4      27.   Defendants, and each of them, breached this duty by failing to exercise the proper
5  degree of care in apprising Plaintiffs of important information and failing to warn of those
6  dangers which Defendants should have reasonably been aware of.
7      28.   As a direct and legal result of the negligence of Defendants, and each of them,
8  Plaintiffs suffered great physical and emotional pain and suffering. Also as a result of
9  Defendants' negligence, Plaintiffs have been damaged in an amount greater than the
10  jurisdictional minimum of this Court, in an amount to be proven at trial.

11  ## SECOND CAUSE OF ACTION

12  ### (Fraud)

13  ### Against all Defendants

14      29.   Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1
15  through 28, above, as though set forth at length herein.
16      30.   Plaintiffs are informed, believe, and based thereon allege that at all times herein
17  mentioned, Defendants were the agents and employees of each other, and in doing the things
18  herein alleged was acting within the course and scope of such agency and employment and with
19  the permission and consent of each other.
20      31.   On or about November 2007, Defendants made the following representations and
21  promised that the Vacation would involve amenities such as private tours the whole way, first
22  class airfare, high quality hotel stays, safari excursions, and so forth. Defendants specifically
23  made the following representations, including but not limited to:
24          A.   Plaintiffs were promised that they would be provided private
25             drivers, and Plaintiffs paid for private drivers.
26          B.   Defendants promised a pleasant voyage down the Nile.
27          C.   Plaintiffs were promised that the cruise boat would dock and that
28             they would then take a private tour of Edfu's Temple with a private

- 7 -

COMPLAINT

1  driver in an automobile. Defendants did not deliver on that
2  promise.

3       D.    Plaintiffs were promised that the cruise boat would dock and that
4             they would then take a private tour of Edfu's Temple with a private
5             driver in an automobile.

6       E.    Plaintiffs were promised an amazing safari experience.
7             Defendants did not deliver on that promise.

8    32.   The representations made by Defendants were in fact false. The true facts were
9  that Plaintiff did not have private tours the whole way, did not get first class hotel
10 accommodations, etc., despite the fact that they paid for such. Specifically, the true facts are as
11 follows, but are not limited to the following:

12      A.    Instead of private transportation, which they paid for, Plaintiffs had
13            to share uncomfortable mini buses with other people.

14      B.    Instead of a pleasant cruise down the Nile, the cabin on the first
15            arranged cruise boat was so small that Plaintiffs were forced to
16            take a second, larger boat. However, even that second boat was
17            besieged by over-aggressive river merchants and beggars who
18            were able to invade Plaintiffs' private space and harassed them.

19      C.    Instead of a private tour of Edfu's Temple, Plaintiffs were put on a
20            group tour and were placed in an uncomfortable horse-drawn
21            carriage. Worst of all, the guide assigned to Plaintiffs either
22            deliberately abandoned them or negligently lost track of them in a
23            sea of approximately 200,000 people. Plaintiffs were forced to
24            improvise their way out of this dangerous situation by making their
25            own arrangements to return to the tour boat.

26      D.    Instead of a private tour of Edfu's Temple, Plaintiffs were put on a
27            group tour and were placed in a dangerous, self-guided horse-
28            drawn carriage that injured Gallagher. Worst of all, the guide

- 8 -

COMPLAINT

1         assigned to Plaintiffs either deliberately abandoned them or

2         negligently lost track of them in a sea of approximately 200,000

3         people. Plaintiffs were forced to improvise their way out of this

4         dangerous situation by making their own arrangements to return to

5         the tour boat.

6       B.      They saw no animals on the "safari." Rather they were lied to,

7         solicited, mistreated, and detained by the camp's proprietor, Luca.

8      33.   When the Defendants made these representations, they knew them to be false and

9   made these representations with the intention to induce Plaintiffs to act in reliance on these

10  representations in the manner hereafter alleged, or with the expectation that Plaintiff would so

11  act.

12     34.   The Plaintiffs, at the time these representations were made by the Defendants and

13  at the time the Plaintiffs took the actions herein alleged, were ignorant of the falsity of the

14  Defendants' representations and believed them to be true. In reliance on these representations,

15  Plaintiffs were induced to and did enter into the agreement to purchase the Vacation.

16     35.   Had Plaintiffs known the actual facts, they would not have purchased the

17  Vacation. The Plaintiffs' reliance on Defendants' representations were justified.

18     36.   As a proximate result of the fraudulent conduct of Defendants as herein alleged,

19  Plaintiffs were harmed and injured in an amount to be determined at trial.

20                THIRD CAUSE OF ACTION

21                (Constructive Fraud)

22                Against all Defendants

23     37.   Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1

24  through 36, above, as though set forth at length herein.

25     38.   Plaintiffs are informed, believe, and based thereon allege that at all times herein

26  mentioned, Defendants were the agents and employees of each other, and in doing the things

27  herein alleged was acting within the course and scope of such agency and employment and with

28  the permission and consent of each other.

- 9 -
COMPLAINT

39.     A travel agent has a duty to warn of those dangers to which the agent is aware, or should be aware in the exercise of due care. Defendants acted as traditional travel agents and arranged all aspects of the Egypt and Kenya trip for Plaintiffs. As such, Defendants owed a duty to Plaintiffs to use reasonable efforts to apprise Plaintiffs of information material to the agency.

40.     As set forth in paragraphs 13-22, above, which are expressly incorporated herein, Defendants, and each of them, breached this duty by failing to exercise the proper degree of care in apprising Plaintiffs of important information and failing to warn of those dangers which Defendants should have reasonably been aware of.

41.     Defendants, and each of them, also made certain representations as set forth in paragraphs 31 and 32, above, which are expressly incorporated herein, which were false, and made with knowledge of their falsity such that Defendants, and each of them, breached their duty to Plaintiffs.

42.     Defendants' breach caused Defendants to gain an advantage by misleading Plaintiffs to their prejudice.

43.     As a proximate result of Defendants' breach and fraudulent misrepresentations, Plaintiffs have been injured in an amount to be determined at trial.

<u>FOURTH CAUSE OF ACTION</u>

(Promissory Fraud)

Against all Defendants

44.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 43, above, as though set forth at length herein.

45.     Plaintiffs are informed, believe, and based thereon allege that at all times herein mentioned, Defendants were the agents and employees of each other, and in doing the things herein alleged was acting within the course and scope of such agency and employment and with the permission and consent of each other.

46.     On or about November 2007, Defendants made the following representations and promised that the Vacation would involve amenities such as private tours the whole way, first

- 10 -

COMPLAINT

1    class airfare, high quality hotel stays, safari excursions, and so forth. Defendants specifically

2    made the following representations, including but not limited to:

3        A.      Plaintiffs were promised that they would be provided private

4                drivers, and Plaintiffs paid for private drivers.

5        B.      Defendants promised a pleasant voyage down the Nile.

6        C.      Plaintiffs were promised that the cruise boat would dock and that

7                they would then take a private tour of Edfu's Temple with a private

8                driver in an automobile. Defendants did not deliver on that

9                promise.

10        D.      Plaintiffs were promised that the cruise boat would dock and that

11                they would then take a private tour of Edfu's Temple with a private

12                driver in an automobile.

13        E.      Plaintiffs were promised an amazing safari experience.

14                Defendants did not deliver on that promise.

15      47.     The representations made by Defendants were in fact false. The true facts were

16    that Plaintiff did not have private tours the whole way, did not get first class hotel

17    accommodations, etc., despite the fact that they paid for such. Specifically, the true facts are as

18    follows, but are not limited to the following:

19        A.      Instead of private transportation, which they paid for, Plaintiffs had

20                to share uncomfortable mini buses with other people.

21        B.      Instead of a pleasant cruise down the Nile, the cabin on the first

22                arranged cruise boat was so small that Plaintiffs were forced to

23                take a second, larger boat. However, even that second boat was

24                besieged by over-aggressive river merchants and beggars who

25                were able to invade Plaintiffs' private space and harassed them.

26        C.      Instead of a private tour of Edfu's Temple, Plaintiffs were put on a

27                group tour and were placed in an uncomfortable horse-drawn

28                carriage. Worst of all, the guide assigned to Plaintiffs either

- 11 -

COMPLAINT

1      deliberately abandoned them or negligently lost track of them in a

2      sea of approximately 200,000 people. Plaintiffs were forced to

3      improvise their way out of this dangerous situation by making their

4      own arrangements to return to the tour boat.

5          D.    Instead of a private tour of Edfu's Temple, Plaintiffs were put on a

6      group tour and were placed in a dangerous, self-guided horse-

7      drawn carriage that injured Gallagher. Worst of all, the guide

8      assigned to Plaintiffs either deliberately abandoned them or

9      negligently lost track of them in a sea of approximately 200,000

10     people. Plaintiffs were forced to improvise their way out of this

11     dangerous situation by making their own arrangements to return to

12     the tour boat.

13         E.    They saw no animals on the "safari." Rather they were lied to,

14     solicited, mistreated, and detained by the camp's proprietor, Luca.

15     48.    When the Defendants made these representations, they knew them to be false, and

16 had no reasonable grounds to believe them to be true, and made these representations with the

17 intention to induce Plaintiffs to act in reliance on these representations and material false

18 promises by entering into an agreement to purchase the Vacation.

19     49.    The Plaintiffs, at the time these representations were made by the Defendants and

20 at the time the Plaintiffs took the actions herein alleged, were ignorant of the falsity of the

21 Defendants' representations and believed them to be true. In reliance on these representations,

22 Plaintiffs were induced to and did enter into the agreement to purchase the Vacation.

23     50.    Had Plaintiffs known the actual facts, they would not have purchased the

24 Vacation. The Plaintiffs' reliance on Defendants' representations were justified.

25     51.    As a proximate result of the fraudulent conduct of Defendants as herein alleged,

26 Plaintiffs were harmed and injured in an amount to be determined at trial.

27 ///

28 ///

- 12 -
COMPLAINT

## FIFTH CAUSE OF ACTION

### (Negligent Misrepresentation)

### Against all Defendants

52.     Plaintiff repeats and realleges paragraphs 1 through 51, above, as though fully set forth herein.

53.     Plaintiffs are informed, believe, and based thereon allege that at all times herein mentioned, Defendants were the agents and employees of each other, and in doing the things herein alleged was acting within the course and scope of such agency and employment and with the permission and consent of each other.

54.     On or about November 2007, Defendants made the following representations and promised that the Vacation would involve amenities such as private tours the whole way, first class airfare, high quality hotel stays, safari excursions, and so forth.  Defendants specifically made the following representations, including but not limited to:

   A.  Plaintiffs were promised that they would be provided private drivers, and Plaintiffs paid for private drivers.

   B.  Defendants promised a pleasant voyage down the Nile.

   C.  Plaintiffs were promised that the cruise boat would dock and that they would then take a private tour of Edfu's Temple with a private driver in an automobile.  Defendants did not deliver on that promise.

   D.  Plaintiffs were promised that the cruise boat would dock and that they would then take a private tour of Edfu's Temple with a private driver in an automobile.

   E.  Plaintiffs were promised an amazing safari experience. Defendants did not deliver on that promise.

55.     The representations made by Defendants were in fact false.  The true facts were that Plaintiff did not have private tours the whole way, did not get first class hotel

- 13 -

COMPLAINT

1 accommodations, etc., despite the fact that they paid for such. Specifically, the true facts are as
2 follows, but are not limited to the following:

3       A.        Instead of private transportation, which they paid for, Plaintiffs had
4                      to share uncomfortable mini buses with other people.

5       B.        Instead of a pleasant cruise down the Nile, the cabin on the first
6                      arranged cruise boat was so small that Plaintiffs were forced to
7                      take a second, larger boat. However, even that second boat was
8                      besieged by over-aggressive river merchants and beggars who
9                      were able to invade Plaintiffs' private space and harassed them.

10       C.        Instead of a private tour of Edfu's Temple, Plaintiffs were put on a
11                      group tour and were placed in an uncomfortable horse-drawn
12                      carriage. Worst of all, the guide assigned to Plaintiffs either
13                      deliberately abandoned them or negligently lost track of them in a
14                      sea of approximately 200,000 people. Plaintiffs were forced to
15                      improvise their way out of this dangerous situation by making their
16                      own arrangements to return to the tour boat.

17       D.        Instead of a private tour of Edfu's Temple, Plaintiffs were put on a
18                      group tour and were placed in a dangerous, self-guided horse-
19                      drawn carriage that injured Gallagher. Worst of all, the guide
20                      assigned to Plaintiffs either deliberately abandoned them or
21                      negligently lost track of them in a sea of approximately 200,000
22                      people. Plaintiffs were forced to improvise their way out of this
23                      dangerous situation by making their own arrangements to return to
24                      the tour boat.

25       E.        They saw no animals on the "safari." Rather, they were lied to,
26                      solicited, mistreated, and detained by the camp's proprietor, Luca.

27    56.     When the Defendants made these representations, they had no reasonable ground
28 for believing them to be true.

- 14 -

COMPLAINT

57.    The Defendants made these representations with the intention of inducing the Plaintiffs to act in reliance on these and purchase the Vacation, or with the expectation that the Plaintiffs would so act.

58.    The Plaintiffs, at the time these representations were made by the Defendants and at the time the Plaintiffs took the actions herein alleged, were ignorant of the falsity of the Defendants' representations and believed them to be true. In reliance on these representations, Plaintiffs were induced to and did enter into the agreement to purchase the Vacation.

59.    Had Plaintiffs known the actual facts, they would not have purchased the Vacation. The Plaintiffs' reliance on Defendants' representations were justified.

60.    As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiffs were harmed and injured in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (Breach of Contract)

### Against all Defendants

61.    Plaintiff repeats and realleges paragraphs 1 through 60, above, as though fully set forth herein.

62.    Plaintiffs are informed, believe, and based thereon allege that at all times herein mentioned, Defendants were the agents and employees of each other, and in doing the things herein alleged was acting within the course and scope of such agency and employment and with the permission and consent of each other.

63.    On or about November, 2007, Ms. Lynette Noa ("Noa"), on behalf of AmEx, solicited Plaintiffs to purchase a vacation package to Mentawis, Egypt and Kenya. The vacation package was to involve amenities such as private tours, first class airfare, high quality hotel stays, safari excursions, and so forth. The base portion of the trip cost Plaintiffs $70,000. The total anticipated price for the excursion was at least $100,000 ("Vacation").

64.    In reliance on Noa's representations, Plaintiffs purchased the Vacation from Defendants. Plaintiff and Defendants agreed that Plaintiffs would plan the first portion of the

- 15 -
COMPLAINT

1  | trip to Mombasa themselves. Defendant AmEx then utilized the services of A&K in handling
2  | the detail arrangements for the Egyptian and Kenyan portion of the Vacation.
3  |      65.    Plaintiffs fully performed each and every obligation required of it under the
4  | Agreement.
5  |      66.    Despite Plaintiffs' full performance, Defendants failed to perform their part of the
6  | Agreement, as set forth hereinabove, thereby breaching the Agreement.
7  |      67.    As a proximate result of Defendants' breach of the Agreement, Plaintiffs have
8  | suffered harm and damages in an amount to be determined at trial.
9  |
10 |      WHEREFORE, Plaintiffs request that the Court grant the following relief:
11 |      a.    For an award of all damages proximately caused by the Defendant's acts set forth
12 | above;
13 |      b.    For an award of punitive damages according to proof;
14 |      c.    For an award of attorneys' fees;
15 |      d.    For an award of costs; and
16 |      e.    For all other relief the Court deems just and proper.
17 |
18 | Dated: May 22, 2008           WANG, HARTMANN, GIBBS & CAULEY
19 |                        A Professional Law Corporation
20 |                    By:
21 |                        Jason D. Witten
22 |                        Attorneys for Plaintiffs
23 |
24 |
25 |
26 |
27 |
28 |

- 16 -

COMPLAINT

JUL. 2.2008  1:58PM    CNA INSURANCE COMPANIES                           NO. 395   P. 32

# SUPERIOR COURT OF CALIFORNIA
### ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Notice to Courtroom the day before the hearing but no later than: | Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C6 | BANKS 714-834-3710 | Friday 1:30 p.m. | Daily 8:45 a.m. | Noon | 3:00 p.m. | Yes | Call (714) 834-3710 to reserve motion date. Moving party must submit on moving papers unless court invites oral argument. Counsel must reserve Ex Parte hearings with the courtroom by calling (714) 834-3710 and supply whatever information my be requested. |
| C12 | CHAFFEE 714-834-3750 | Friday 9:30 a.m. | Daily 1:30 p.m. | None | Noon | Yes - 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310) 914-7884 or (888) 88-COURT |
| C10 | CRAMIN 714-834-4660 | Friday 10:00 a.m. | Daily 9:00 a.m. | Not required | 11:00 a.m. | No | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310) 914-7884 or (888) 88-COURT. |
| W12 | DI CESARE 714-896-7842 | Friday 10:00 a.m. | M,T,W,F 1:30 p.m. | Noon | 10:30 a.m. | Yes - 3:00 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |
| C15 | DIDIER 714-4685 | Friday 9:00 a.m. | M,T,W,Th 8:30 a.m. | Noon | 3:00 p.m. | Yes | Moving party must submit on moving papers unless court invites oral argument. If one or all parties submit on the tentative, they each must notify the clerk. The tentative will become the final ruling if all parties submit, unless otherwise directed. |

Received  Jul-02-2008  10:56am    From-2124403053        To-Lewis Brisbois Bisga   Page  032

025

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 (Rev. February2008)                                        Page 1 of 4

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

### BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

### DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. February2008)

*Page 2 of 4*

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- Institute for Conflict Management (714) 286-5600
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198
- Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

L1200 (Rev. February2008)

Page 4 of 4

029

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name & Address): | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                    Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR (Name):                    Bar No: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

☐ Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐ Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

_____

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
              (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
              (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION
Approved for Optional Use                                    California Rules of Court, rule 3.221
L1270 (Rev. February, 2008)

## PROOF OF SERVICE [CCP 1013A(3)]

STATE OF CALIFORNIA, COUNTY OF ORANGE

      I am employed in the County of Orange, State of California, am over the age of eighteen (18), and not a party to the within action. My business address is: 1301 Dove Street, Suite 1050, Newport Beach, California 92660.

      On May 27, 2008 I served the foregoing document, described as:

## CIVIL COVER SHEET, ADR INFORMATION PACKAGE, SUMMONS & COMPLAINT

on the interested parties in this action

  X   by placing the true copies thereof (or the original where required by law) enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| *Registered Agent for American Express Travel Related Services Co.*<br>C T Corporation System<br>111 Eigth Avenue<br>New York, New York 10011 | *Registered Agent for Abercrombie & Kent, Inc.*<br>David Bufton<br>1520 Kensington Rd #212<br>Oak Brook, IL 60523 |

  XX X BY U.S. MAIL - I caused such envelope to be deposited in the United States Mail, First Class Postage Prepaid at Newport Beach, California on May 27, 2008

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day, in the ordinary course of business. I am aware that on motion of the parties served, service is presumed invalid if the postal cancellation date, or postage meter date, is more than one day after the date of deposit for mailing in the affidavit.

  XXX  I declare that I am employed in the office of a member of the Bar of this Court, at whose discretion the service was made.

  XXX  I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on May 27, 2008, at Newport Beach, California.

Jennifer N. Laszlo

**EXHIBIT B**

## PROOF OF SERVICE [CCP 1013A(3)]

STATE OF CALIFORNIA, COUNTY OF ORANGE

        I am employed in the County of Orange, State of California, am over the age of eighteen (18), and not a party to the within action. My business address is: 1301 Dove Street, Suite 1050, Newport Beach, California 92660.

        On May 27, 2008 I served the foregoing document, described as:

### CIVIL COVER SHEET, ADR INFORMATION PACKAGE, SUMMONS & COMPLAINT

on the interested parties in this action

  X   by placing the true copies thereof (or the original where required by law) enclosed in sealed envelopes addressed as follows:

*Registered Agent for American Express*
*Travel Related Services Co.*
C T Corporation System
111 Eigth Avenue
New York, New York 10011

*Registered Agent for Abercrombie &*
*Kent, Inc.*
David Bufton
1520 Kensington Rd #212
Oak Brook, IL 60523

XXX BY U.S. MAIL – I caused such envelope to be deposited in the United States Mail, First Class Postage Prepaid at Newport Beach, California on May 27, 2008

        I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day, in the ordinary course of business. I am aware that on motion of the parties served, service is presumed invalid if the postal cancellation date, or postage meter date, is more than one day after the date of deposit for mailing in the affidavit.

XXX I declare that I am employed in the office of a member of the Bar of this Court, at whose discretion the service was made.

XXX I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on May 27, 2008, at Newport Beach, California.

*[signature]*
Jennifer N. Laszlo

**EXHIBIT C**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/03/2008
CT Log Number 513489347

||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

TO:    Paul Heimberg
       Kahan Shir L.P.
       1800 NW Corporate Blvd., Suite 102
       Boca Raton, FL 33431-7336

RE:    **Process Served in New York**

FOR:   American Express Travel Related Services Company, Inc. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Richard Gallagher, an individual, and Johanna Sanchez, an individual, Pltfs. vs. American Express Travel Related Services Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice(s), Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Orange County: Supreme Court, NY Case # 00107116 |
| **NATURE OF ACTION:** | Breach of Contract - Seeks judgment for damages for false misrepresentations |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/03/2008 postmarked on 05/27/2008 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Jason B. Witten Wang, Hartmann, Gibbs & Cauley 1301 Dove Street Suite 1050 Newport Beach, Ca 92660 (949) 833-8483 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798953721357 |
| **SIGNED:** PER: ADDRESS: TELEPHONE: | C T Corporation System Christopher Tilton 111 Eighth Avenue New York, NY 10011 212-894-8940 |

Page 1 of  1 / RJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

035

## PROOF OF SERVICE

### *GALLAGHER V. AMERICAN EXPRESS, ET AL.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, California 92626.

    On July ⁀7 , 2008,  I served the following document described as: **NOTICE OF REMOVAL OF ACTION** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| |
|---|---|
| Richard Cauley<br>Jason B. Witten<br>WANG, HARTMANN, GIBBS &<br>CAULEY<br>1301 Dove Street, Suite 1050<br>Newport Beach, CA 92660<br>(949) 833-8483<br>(949) 833-2281 Fax<br><br>Attorneys for Plaintiff, RICHARD<br>GALLAGHER, an individual, and<br>JOHANNA SANCHEZ, an individual | |

[X]  (BY MAIL, 1013a, 2015.5 C.C.P.)
    [X]  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on July ⁀7 , 2008,  at Costa Mesa, California.

_____
Erin L. Montgomery

LEWIS BRISBOIS BISGAARD & SMITH LLP
650 TOWN CENTER DRIVE, SUITE 1400
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 545-9200