**WANG, HARTMANN, GIBBS & CAULEY P.L.C.**
A Professional Law Corporation
Richard Cauley: SBN 109194
John van Loben Sels (SBN: 201354)
Jason B. Witten (SBN 220612)
Kenneth A. Ohashi (SBN 230440)
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Telephone: (949) 833-8483
Facsimile: (949) 833-2281

Attorneys for Plaintiffs.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GALLAGHER, an individual, and JOHANNA SANCHEZ, an individual, | Case No. SACV08-743 AG (RNBx) |
| | Honorable Andrew J. Guilford |
| Plaintiff | |
| vs. | **ORDER RE STIPULATED PROTECTIVE ORDER** |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, a New York corporation; ABERCROMBIE & KENT, Inc., an Illinois corporation; and DOES 1-20, inclusive, | **Complaint Filed: May 28, 2008** |
| Defendants. | |

Whereas, Plaintiffs Richard Gallagher and Johanna Sanchez ("Plaintiffs"), and Defendants American Express Travel Related Services Company and Abercrombie & Kent, Inc.("Defendants"), (individually, a "Party", and collectively, the "Parties") intend to produce confidential and trade secret

1    information in this action pursuant to discovery requests, and in furtherance of
2    their own positions.

3          Whereas, the Parties each request these documents to be protected by two
4    levels of confidentiality.

5          Therefore, by and through their respective counsel, the Parties hereby
6    stipulate, and agree to the request for, and entry of, the following Protective Order:

7          1.     This Stipulated Protective Order shall govern, and shall be applied on
8    a narrowly-tailored basis to protect only information that is lawfully entitled to
9    confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure
10   ("Confidential Information").

11         2.     Confidential Information produced by any Party or non-party in this
12   litigation may be designated by such Party or non-party as: (1) "Confidential"; or
13   (2) "Confidential – Attorneys' Eyes Only" (collectively, "Designated Material")
14   under the terms of this Protective Order.  Blanket designation of documents or
15   information under these categories, en masse and/or without regard to the specific
16   contents of each document or piece of information, is prohibited.  As a general
17   guideline, "Confidential" shall be used to designate those things that may be
18   disclosed to the Parties for the purposes of this litigation, but which must be
19   protected against disclosure to third parties.  Absent a specific order by the Court,
20   once designated as "Confidential," such information shall be used by the Parties
21   solely in connection with this litigation, and not for any business or competitive
22   purpose or function, and such information shall not be disclosed to anyone except
23   as provided herein.

24         3.     As further general guideline, information or materials designated as
25   "Confidential – Attorneys' Eyes Only" shall be used to designate only the most
26   highly sensitive documents.  This designation is warranted only if the potential
27   injury is substantial and cannot be prevented through the use of any less restrictive
28   means.  Absent written agreement of the designating party or a specific order by

1   the Court, once designated as "Confidential – Attorneys' Eyes Only," such

2   designated information shall be used by the Parties solely in connection with this

3   litigation, and not for any business or competitive purpose or function, and such

4   information shall not be disclosed to anyone except as provided herein.

5       4.   In accordance with Local Rule 79-5.1, if any papers to be filed with

6   the Court contain information and/or documents that have been designated as

7   "Confidential" or "Confidential-Attorneys' Eyes Only," the proposed filing shall

8   be accompanied by an application to file the papers or the portion thereof

9   containing the designated information or documents (if such portion is segregable)

10  under seal; and the application shall be directed to the judge to whom the papers

11  are directed. For motions, the parties shall publicly file a redacted version of the

12  motion and supporting papers.

13      6.   The designation of information or material as "Confidential" or

14  "Confidential – Attorneys' Eyes Only" for purposes of this Protective Order shall

15  be made in the following manner by the Party or non-party seeking protection:

16      (a)   in the case of documents, exhibits, briefs, memoranda,

17  interrogatory responses, responses to requests for admission, or other

18  materials (apart from depositions or other pretrial or trial testimony): by

19  affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY," as appropriate, to any document containing

21  any confidential information or material at the time such documents are

22  produced or such information is disclosed, or as soon thereafter as the Party

23  or non-party seeking protection becomes aware of the confidential nature of

24  the information or material disclosed and sought to be protected hereunder,

25  and

26      (b)   in the case of depositions: (i) by a statement on the record, by

27  counsel, during such deposition that the entire transcript or a portion thereof

28  shall be designated as "Confidential" or "Confidential – Attorneys' Eyes

Only," as appropriate, hereunder, or (ii) by written notice of such designation sent by counsel to counsel for all other Parties within thirty (30) days after the receipt by counsel of the transcript of the. During a deposition, the witness or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the Party or non-party that testimony about to be given is deemed "Confidential" or "Confidential – Attorneys' Eyes Only." The Parties shall treat all deposition testimony as "Confidential – Attorneys' Eyes Only" hereunder until the expiration of thirty (30) days after the receipt by counsel of the transcript of the deposition. Unless so designated, any confidentiality is waived after the expiration of the 30-day period unless designated in writing as set forth above or otherwise stipulated or ordered. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition or otherwise by written agreement, without further order of the Court. If any document or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

7.     Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     Parties' outside counsel of record in this action, regular and temporary employees of such counsel, and such counsels' outside vendors to

whom it is necessary that the information or material be shown for the purposes of this litigation;

       (b)    Parties and employees of the Parties whose assistance is needed by counsel for the purposes of this litigation, subject to and in compliance with Paragraph 10 herein;

       (c)    consultants as defined in Paragraph 9 herein and subject to and conditioned upon compliance with Paragraph 10 herein;

       (d)    the Court;

       (e)    court reporters and videographers employed in connection with this action;

       (f)    graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action;

       (g)    jury or trial consulting services retained by counsel for a Party; and

       (h)    any other person only upon order of the Court or upon prior written consent of the Party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 10 herein.  Within thirty days after the final settlement or termination of this action, anyone receiving Designated Material must return or destroy any other Party's Designated Material, including all copies, extracts and summaries thereof, except that counsel for a Party receiving Designated Materials shall be entitled to retain privileged information and documents embodying Designated Material.  If any Designated Material is returned to the Parties or to their counsel by the Clerk of the Court, such material shall also be returned or destroyed as set forth above.

       8.    Information or material designated as "Confidential – Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may not be disclosed to Parties.  Information or material designated as

"Confidential – Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) Parties' outside counsel of record in this action, regular and temporary employees of such counsel, and such counsels' outside vendors to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) consultants as defined in Paragraph 9 herein and subject to and conditioned upon compliance with Paragraph 10 herein;

(c) the Court;

(d) court reporters and videographers employed in connection with this action;

(e) graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action;

(f) jury or trial consulting services retained by counsel for a Party;

(g) any other person only upon order of the Court or upon written consent of the Party producing the confidential information or material subject to and conditioned upon compliance with Paragraph 10 herein.

9.      For purposes of Paragraphs 7(c) and 8(b) herein, a consultant shall be defined as a person who is neither an employee of a Party, and who is retained or employed as a consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a Party.

10.      (a) All persons described in Paragraphs 7(b), 7(c), 7(f), 7(g), and 7(h) may be given access to information or material designated as "Confidential", and all persons described in Paragraph 8(b), 8(e), 8(f), and 8(g) may be given access to information or material designated as "Confidential – Attorneys' Eyes Only," only

on condition that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of a Confidentiality Agreement in the form attached hereto as Exhibit A. Counsel obtaining such Agreements shall maintain the signed originals in their files. Counsel for the designating party shall request production of Exhibit A for a particular person only upon a showing of a suspected improper disclosure.  This paragraph shall not apply to persons who are given access to information that has been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by a Party or non-party with whom such person is affiliated.

(b)     All persons (1) described in Paragraph 7(c) seeking access to information or material designated "Confidential," and Paragraph 8(b) seeking access to information or material designated "Confidential – Attorneys' Eyes Only," and (2) who are subject to disclosure under Federal Rule of Civil Procedure ("Rule") 26, must comply with the following procedure to obtain such access: The attorney proposing to provide access to such information or material shall provide to the attorneys of record for the other Party the curriculum vitae of such person, and a copy of an Agreement in the form attached hereto as Exhibit A signed by such person. Unless the attorneys of record for the Party receiving the identification of the person proposed to be designated pursuant to Paragraphs 7(c) or 8(b) and who is subject to Rule 26 disclosure notify the proposing attorneys in writing of an objection to the person within five (5) days after receipt of notification, such designated person shall thereafter be deemed qualified to receive information designated "Confidential" (as described in Paragraph 7(c) and subject to Rule 26 disclosure) or "Confidential – Attorneys' Eyes Only" (as described in Paragraph 8(b) and subject to Rule 26 disclosure). Any objection to a designated person must be in good faith and reasonably necessary to the protection of a legitimate business interest of the objecting party, and the reasons for it shall be stated in writing. Following the assertion of an objection, if the Parties are unable

to resolve their dispute in good faith, the Party to whom the objection has been made shall so advise the objecting party in writing. The objecting party must then seek relief from the Court within a period of five (5) days from its receipt of the letter advising that the parties have been unable to resolve their dispute. If the objecting party fails to seek relief from the court within five (5) days from receipt of the letter, the objection shall be deemed withdrawn. In the event of any such objection, there shall be no disclosure of "Confidential" or "Confidential – Attorneys' Eyes Only" information to such person, except by further order of the Court.  This paragraph shall not apply to consultants who are proposed to be given access to information that has been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by the Party who has retained that consultant.

11.    Any witness may be examined during a deposition concerning any Confidential Information which that person had lawfully received or authored prior to and apart from this action. During examination, any witness may be shown Confidential Information if, from the face of the document or from other documents or testimony, it appears that the witness lawfully received or authored such Confidential Information prior to and apart from this action, or such Confidential Information was lawfully communicated to that witness prior to and apart from this action, provided that prior to the witness testifying as to the Confidential Information the examining party makes a reasonable effort to obtain the witness' compliance with paragraph 10.  Nothing in this Order shall prevent the Parties from disclosing or showing materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" to current or former employees of the Parties during and for the purpose of the employee's or former employee's examination in deposition.  The disclosing attorney shall disclose the document to the opposing party before disclosing to the witness.  Upon disclosing the document to the other Party, and establishing that the deponent has independent knowledge

1   related to the Confidential Information and proposed question(s), the attorney may

2   show the document to the witness.

3          12.    A party may challenge the other party's designation of information or

4   materials produced herein as "Confidential" or "Confidential – Attorneys' Eyes

5   Only" by serving a written objection upon the producing party.  Any motion

6   challenging a designation will need to be made in strict compliance with Local

7   Rules 37-1 and 37-2, including the Joint Stipulation requirement.  The producing

8   party shall notify the challenging party in writing of the bases for the asserted

9   designation within ten (10) days after receiving any written objection.  The parties

10   shall confer in good faith as to the validity of the designation within five (5) days

11   after the challenging party has received the notice of the bases for the asserted

12   designation. To the extent the parties are unable to reach an agreement as to the

13   designation, the challenging party may make an appropriate application to this

14   Court within ten (10) days after conferring with the producing party, or if no

15   conferring takes place during the five-day meet and confer period (such as a failure

16   by the producing party to respond to the challenging party's request to meet and

17   confer) then, in such case, within ten (10) days of the expiration of the five-day

18   meet and confer period the application may be made, with confidential portions

19   thereof to be kept under seal, requesting that specifically identified documents,

20   information, and/or deposition testimony be excluded from the provisions of this

21   Protective Order or downgraded in terms of the degree of protection provided. In

22   any such proceeding, the producing party shall bear the burden of demonstrating

23   that the disputed confidential designations are legally warranted. Failure to make

24   an application within the period prescribed in this paragraph shall constitute a

25   waiver of the objection. Until a dispute over the asserted designation is finally

26   resolved by the Parties or the Court, all Parties and other persons shall treat the

27   information or materials in question as designated as "Confidential" or

28   "Confidential – Attorneys' Eyes Only."

13.     All "Confidential" or "Confidential – Attorneys' Eyes Only" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 7 and 8 as persons properly having access thereto.

14.     All counsel for the Parties who have access to information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order, and all persons who execute Exhibit "A" to this Protective Order, acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

15.     Entering into or agreeing to this Protective Order, and/or producing or receiving information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order, shall not:

(a) operate as an admission by any Party that any particular information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Confidential – Attorneys' Eyes Only;"

(c) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prejudice in any way the rights of a Party to make a separate application to the Court that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Confidential – Attorneys' Eyes Only" information or materials itemized in Paragraph 3 above, should be properly designated "Confidential – Attorneys' Eyes Only;"

(h) prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

(i) limit a Party's ability to grant non-parties access to its own documents and/or information.

16.   This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, information, or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" obtained lawfully by such Party independently of any proceedings in this action, or which:

(a)   was already known to such Party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

(b)   is or becomes publicly known through no fault or act of such Party; or

-11-
STIPULATED PROTECTIVE ORDER

1    (c) is rightfully received by such Party from a third party which has

2    authority to provide such information or material and without restriction as to

3    disclosure.

4    17.    In the event that information in the possession or control of a Party

5    involves the confidentiality rights of a non-party or its disclosure would violate a

6    Protective Order issued in another action, the Party with possession or control of

7    the information will attempt to obtain the consent of the non-party to disclose the

8    information under this Order.  If the consent of the non-party cannot be obtained,

9    the Party will notify the Party seeking discovery of (a) the existence of the

10   information without producing such information; and (b) the identity of the non-

11   party (provided, however, that such disclosure of the identity of the non-party does

12   not violate any confidentiality obligations). The party seeking discovery may then

13   make further application to the non-party or move this Court to compel production

14   in accordance with the provisions of Local Rules 37-1 and 37-2.

15   18.    If a Party inadvertently produces "Confidential," or "Confidential –

16   Attorneys' Eyes Only" information without marking it as such, it may be disclosed

17   to others until the producing party notifies the receiving party of the error.  As soon

18   as the receiving party becomes aware of the inadvertent production, the

19   information must be treated as if it had been timely designated under this

20   Protective Order, and the receiving party must endeavor in good faith to obtain all

21   copies of the document that it distributed or disclosed to persons not authorized to

22   access such information by Paragraphs 7 or 8 above, as well as any copies made by

23   such persons.

24   19.    The terms of this Protective Order shall apply to all manner and

25   means of discovery, including entry onto land or premises, and inspection of

26   books, records, documents, and tangible things.

27   20.    It is the present intention of the Parties that the provisions of this

28   Protective Order shall govern discovery in this action.  Nonetheless, each of the

Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other Party hereto for good cause.

21.     The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

22.     The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof. Counsel described in paragraphs 7(a) and 8(a), above, shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to court order or a written agreement with the producing party of the information or material. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

23.     In the event that any information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Confidential – Attorneys Eyes Only" through such use. Counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

24.     If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by someone other than that Party, the Party shall give prompt written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material marked as "Confidential" or "Confidential – Attorneys' Eyes Only" and shall object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the Party or anyone else covered by this Protective Order to enforce such a subpoena, demand, or other legal process, the Party shall respond by setting forth the existence of this Protective Order.  Nothing herein shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.  Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

25.     No Party may, pursuant to this Order, designate as confidential information or materials: (1) which constitute public records; and (2) which was obtained from third parties who owed no duty of confidentiality to the receiving or producing parties.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

1   **IT IS SO STIPULATED.**

2

3   WANG, HARTMANN, GIBBS & CAULEY, PLC

4

5   _____   Date: ~~August~~ Sept 4 3, 2009

6   Jason B. Witten
    Johan van Loben Sels
7   Attorneys for Plaintiffs
8   Richard Gallagher and Johanna Sanchez

9

10  LEWIS, BRISBOIS, BISGAARD & SMITH

11

12  _____   Date: ~~August~~ Sept 3, 2009

13  Esther Holm
    Rachel Menkes
14  Attorneys for Defendants
15  American Express Travel Services, Inc. and
    Abercrombie & Kent, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-
STIPULATED PROTECTIVE ORDER

# EXHIBIT A: CONFIDENTIALITY AGREEMENT

I, _____, state:

1.      I reside at _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have read the Stipulated Protective Order dated _____, 2007, and have been engaged as _____on behalf of _____ in the preparation and conduct of litigation styled *Gallagher and Sanchez v. American Express Travel Related Company and Abercrombie & Kent, Inc.,* pending in the United States District Court for the Central District of California.

5.      I am fully familiar with and agree to comply with and be bound by the provisions of said Order.   I understand that I am to retain all copies of any documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL or ATTORNEYS' EYES ONLY information are to be returned to counsel who provided me with such material.

6.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

7.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 200__.

_____ (signature)