**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Esther P. Holm, SBN 140279
     Email: holm@lbbslaw.com
Tim J. Vanden Heuvel, SBN 140731
     Email: vanden@lbbslaw.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: (714) 545-9200
Facsimile: (714) 850-1030

Attorneys for Defendants, AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, a New York corporation; ABERCROMBIE & KENT,
INC., an Illinois corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RICHARD GALLAGHER, an individual, and JOHANNA SANCHEZ, an individual, <br><br> Plaintiff, <br> v. <br><br> AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, a New York corporation; ABERCROMBIE & KENT, INC., an Illinois corporation and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO.:  SACV08-743 AG (RNBx) <br><br> **NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' EXPERT DR. JERALD UDINSKY, Ph.D** <br><br> **(Motion in Limine No. 7 of 13)** <br><br> DATE:      October 22, 2009 <br> TIME:      9:30 a.m. <br> CTRM.:    10D <br><br> DISCOVERY CUT-OFF: August 3, 2009 <br> FINAL PRETRIAL CONF: October 19, 2009 <br> ACTION FILED:  May 23, 2008 <br> TRIAL DATE:  November 3, 2009 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 22, 2009 at 9:30 a.m., or soon thereafter as the matter may be heard in Courtroom 10D of the above entitled Court, located at 411 Fourth Street, Santa Ana, California, Defendants AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, a New York corporation and ABERCROMBIE & KENT, INC., an Illinois corporation will, and hereby does, move *in limine* for an Order:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1.   To exclude Plaintiffs RICHARD GALLAGHER and JOHANNA SANCHEZ's expert Dr. Jerald Udinsky, Ph.D. Defendants also seek to exclude Plaintiffs' counsel from offering any evidence, exhibits, writings, references, testimony or argument related to Plaintiffs RICHARD GALLAGHER and JOHANNA SANCHEZ's expert Jerald Udinsky, Ph.D.

2.   That the parties and their counsel and witnesses be precluded from referring to the fact that this motion has been filed and/or granted.

This motion is made on the grounds that Dr. Udinsky's opinions fail the test of reliability set forth in *Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579 (1997) and Rule 702 of the Federal Rules of Evidence. This Motion is based on these moving papers, the accompanying memorandum of points and authorities, any oral argument submitted by counsel, the Declaration of Esther P. Holm, and any further evidence that may be presented at the hearing on this motion.

DATED: October 16, 2009    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Esther P. Holm, Esq.
Wim J. Vanden Heuvel, Esq.
Attorneys for Defendants AMERICAN EXPRESS
TRAVEL RELATED SERVICES COMPANY, a
New York corporation; ABERCROMBIE & KENT,
INC., an Illinois corporation

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-1031-2708.1                                    -2-
NOTICE OF MOTION AND MOTION IN LIMINE NUMBER EIGHT TO EXCLUDE PLAINTIFFS' EXPERT DR.
JERALD UDINSKY, PH.D

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

American Express Travel Related Services Company ("Amex") and Abercrombie & Kent, Inc. (A&K") (collectively "Defendants") respectfully request that the Court exclude Plaintiffs Richard Gallagher and Johanna Sanchez's ("Plaintiffs") designated expert, Dr. Jerald Udinsky, Ph.D., from offering expert opinions at trial for Plaintiffs.

Plaintiffs hired Dr. Jerald Udinsky, Ph.D. to testify regarding his economic analysis for this case, including but not limited to, calculations for Plaintiffs' lost earnings and lost royalties from FaunaSafe, Inc. Defendants object to Dr. Udinsky's testimony on the grounds that he lacks proper foundation for his opinions, as it is solely based on unreliable information from Plaintiffs and speculation. In addition, his testimony creates a substantial danger of misleading the trier of fact.

Dr. Udinsky admits he relied solely on Plaintiff and Plaintiffs' counsel to provide him with relevant information. In his own words, as clearly stated throughout Dr. Udinsky's Economic Loss Report dated July 6, 2009:

> **This report is a compilation based on information and representations from the client. We have been asked to assume that these representations are correct and that the economic losses are a direct result of the subject incident. We have not audited, reviewed or otherwise substantiated the data provided.**

Dr. Udinsky testified that his calculations are based on assumptions from the Plaintiffs which he was told to assume were correct. As Dr. Udinsky stated, "If the assumptions are wrong, the numbers are wrong. (Deposition of Jerald Udinsky "Udinsky Depo" p 24:20-25:5).

Dr. Udinsky further testified that he was not hired to investigate issues, but only to assume certain things, such as:

> Q  Is this business plan adequate to determine the survivability of FaunaSafe?
> [Objection omitted.]

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-1031-2708.1                           -3-
NOTICE OF MOTION AND MOTION IN LIMINE NUMBER EIGHT TO EXCLUDE PLAINTIFFS' EXPERT DR.
JERALD UDINSKY, PH.D

1    THE WITNESS: Well, I really have not been asked to investigate
     those issues. **I've been asked to rely upon certain facts. I've**
2    **been asked to assume certain things as being given.**
     BY MR. VANDEN HEUVEL:
3    Q  Is one of those things that is given that FaunaSafe will remain
     a financially viable organization in the future?
4    A  Yes, and that Mr. Gallagher and Ms. Sanchez are capable of
     raising the adequate funds. In other words, I have not been asked
5    to investigate the market or the available monies or how things
     would be financed. **I've merely been asked to do a compilation**
6    **of the economic loss as specified by the plaintiffs.**

7    (Emphasis added.) (Udinsky Depo p 16:4-21).

8        Mr. Graham Norris, the person most knowledge from FaunaSafe, testified that

9    FaunaSafe does not currently have and has never had any profits or ability to pay

10   plaintiffs:

11       Q      We've asked you to bring all your documents regarding
                accounting for FaunaSafe for the previous five years in
12              response to request for production No. 37.
                Did you bring any documents?
13       A      I did not.
         Q      Do those documents exist?
14       A      No.
         Q      Why not?
15       A      Well, there's no documentation regarding income
                because there's been no income.  And there's no
16              documentation regarding expenses because, by in large,
                there have been no expenses.

17   (Deposition of Jerald Udinsky ("Udinsky Depo") p 21:13-25).

18       Mr. Norris further testified that neither Ms. Sanchez or Mr. Gallagher have ever

19   brought in any revenue for FaunaSafe.  Norris Depo p 36:22-37:9).  Mr. Norris even

20   admitted that the projections for FaunaSafe are "**purely speculative**." (Norris Depo p

21   41:10-22).

22       Even though Mr. Norris, on behalf of FaunaSafe, testified that FaunaSafe does

23   not have and has never made any profit whatsoever and that the FaunaSafe projections

24   were pure speculation, Dr. Udinsky was asked to make assumptions that Fauna Safe

25   would be financially viable and successful:

26       Q      Were you asked to assume that FaunaSafe would remain a
                financially  viable  and  officially  sanctioned  501(c)(3)
27              organization?

28

NOTICE OF MOTION AND MOTION IN LIMINE NUMBER EIGHT TO EXCLUDE PLAINTIFFS' EXPERT DR.
JERALD UDINSKY, PH.D

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      A    I believe I have.  I've been asked to assume that this
       organization would have been successful, that [Mr. Gallagher]
2      would have raised a lot of money, he would have raised enough
       money to pay his salaries and his travel expenses. I believe I've
3      been asked to assume that, and I've been asked to assume that
       by virtue of this subject travel event, that this event prevented
4      him from doing so.  **Now, in terms of the reality of those
       assumptions, I have not been asked to investigate it one way**
5      **or the other. I cannot tell you whether it's true or false. I**
       **have not been asked to investigate it.  I've been asked to**
6      **assume this is true.**

7    (Emphasis added.) (Udinsky Depo p 69:8-23).

8          Dr. Udinsky calculates over $2.6 million for Plaintiffs' lost earnings. That

9    calculation is based on Plaintiffs' assertion that they have been unable to work for

10   FaunaSafe since the subject vacation. According to Dr. Udinsky, this assumption was

11   based on a report from Dr. Koransky and information from Plaintiffs. ( Udinsky Depo

12   p 43:21-44:15) Dr. Koransky, however, Plaintiffs' own expert psychologist, testified

13   that there is no reason Plaintiffs could not perform work for FaunaSafe.

14         Q    Is there any reason that Johanna Sanchez can't go back to
       working for FaunaSafe?
15         A    No, I believe she's capable of going to work.
           Q    Is there any reason Mr. Gallagher can't work for FaunaSafe?
16         A    I believe he's capable of going to work.

17   (Koransky Depo p 78:3-8)

18         Dr. Udinsky's testimony and analysis reflects nothing more than the unsupported

19   claims of the Plaintffs, without any basis in fact. His opinions are unreliable and based

20   on pure speculation. Dr. Udinsky admits that his economic analysis is nothing more

21   than a compilation of information obtained from Plaintiffs, without any independent

22   analysis or auditing on his part. He therefore has no objective analysis regarding any

23   of the claims which Plaintiffs allegedly suffered based on the subject vacation.

24   Accordingly, Defendants move to exclude Dr. Udinsky from testifying as to both

25   plaintiffs since his testimony does not meet the standard for admissibility as his

26   opinions are not based on scientific testing or knowledge, but rather on Plaintiffs

27   inaccurate assumption.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | **II.    LEGAL ARGUMENT**

2 |         A.    Legal Standard

3 |         Federal Rule of Evidence ("FRE") Rule 702 governs the admissibility of expert 4 testimony.   The Court maintains broad discretion in determining whether expert 5 testimony is admissible.  FRE 702; *Mukhtar v. California State University Hayward,* 6 299 F.3d 1053, 1064 (9th Cir. 2002).   FRE 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

12 |         In *Daubert v. Merrell Dow Pharmaceuticals*, Inc.509 U.S. 579 (1993), the United 13 States Supreme Court held that Rule 702 requires expert testimony to rest on 'a reliable 14 foundation' and be 'relevant to the task at hand.'     *Daubert v. Merrell Dow* 15 *Pharmaceuticals*, Inc.509 U.S. 579, 581 (1993).  The Court further indicated that when 16 an expert offers "scientific . . . knowledge," "[t]he adjective 'scientific' implies a 17 grounding in the methods and procedures of science" and "[s]imilarly, the word 18 'knowledge' connotes more than subjective belief or unsupported speculation." *Id.* at 19 590.

20 |         Specific facts that a court may consider in determining the soundness of an 21 expert's methodology include: (1) whether the theory or technique can be and has been 22 tested; (2) whether it has been subjected to peer review and publication; (3) the known 23 or potential rate of error and the existence and maintenance of standards; and (4) whether 24 the theory or technique used has been generally accepted. *Id.* at 593-594. The Supreme 25 Court subsequently extended Daubert's standard for evaluating the reliability of expert 26 testimony to all expert knowledge, regardless of whether it is classified as scientific, 27 technical, or specialized opinion. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-1031-2708.1                                           -6-
NOTICE OF MOTION AND MOTION IN LIMINE NUMBER EIGHT TO EXCLUDE PLAINTIFFS' EXPERT DR.
JERALD UDINSKY, PH.D

1     "The trial judge must ensure that any and all scientific testimony or evidence
2  admitted is not only relevant, but reliable.  The primary locus of this obligation is Rule
3  702."  *Claar v. Burlington N. R.R.*, 29 F.3d 499, 501 (9th Cir.1994).  The party offering
4  expert testimony bears the burden of establishing its admissibility by a preponderance
5  of the evidence. *Lust By & Through Lust v. Merrell Dow Pharm., Inc.,* 89 F.3d 594, 597
6  (9th Cir. 1996).

7     "The trial judge must determine at the outset, pursuant to Rule 104(a), whether the
8  expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of
9  fact to understand or determine a fact in issue. This entails a preliminary assessment of
10  whether the reasoning or methodology underlying the testimony is scientifically valid
11  and of whether that reasoning or methodology properly can be applied to the facts in
12  issue."  *Id.*   In order to determine whether expert opinion is proper the court must
13  determine whether the experts arrived at their conclusions using scientific methods and
14  procedures, and that those conclusions were not mere subjective beliefs or unsupported
15  speculation."  *Id.*

16     "[I]f the data underlying the expert's opinion is 'so unreliable that no reasonable
17  expert could base an opinion on them, the opinion resting on that data must be
18  excluded.'"  *Lyman v. St. Jude Med. S.C., Inc.,*  580 F. Supp. 2d 719, 727 (E.D. Wis.
19  2008), citing In re *TMI Litig.*, 193 F.3d 613, 697 (3d Cir. 1999).  In other words, Rule
20  703 "was not intended to abolish the hearsay rule and to allow a witness, under the guise
21  of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose
22  statements or opinions the expert purports to base his opinion." Id.

23     In *Lyman v. St. Jude Med. S.C.,* the court excluded expert testimony where "the
24  data which forms the basis for the experts projections were not reliable. The court held
25  that the expert should have independently verified the reliability of the data before
26  opining on plaintiffs' future sales, as opposed to accepting it at the word of St. Jude's
27  counsel. Therefore, the Court excluded the expert's testimony with regard to his

28

1  projections.   *Lyman v. St. Jude Med. S.C., Inc.*, 580 F. Supp. 2d 719, 727 (E.D. Wis.
2  2008)

3      Courts have definitely concluded that expert opinions based upon limited
4  amounts of information, including summaries of depositions or data prepared by
5  attorneys, are not sufficiently reliable to be admissible under Federal Rules of
6  Evidence 702 and 703.  See *In re TMI Litigation*, 193 F.3d 613, 697-698 (3rd Cir.
7  1999).

8      As the court explained, in *Crowley v. Chait, 322 F. Supp. 2d 530, 547 (D.N.J.*
9  *2004)*, "the information upon which an expert bases his testimony must be reliable,
10  and the selective furnishing of information by counsel to an expert runs afoul of
11  Fed.R.Evid. 703."  *Crowley*, 322 F.Sup.2d at 542.  The Court also stated:

12          *TMI* is applicable here to Kramer's [the expert]  reports. He, too,
            relied on summaries prepared by counsel. He, too, conducted little
13          independent investigation into the witnesses beyond the summaries
            prepared for him. Beyond these facts, Kramer's examination of
14          Ambassador's financial health may have been further skewed by the
            fact that, at least until he prepared his rebuttal report, he relied upon
15          only eight of the more than 150 depositions taken in this case.

16                                    * * *

17          But to make  Kramer the mouthpiece of these deponents, and to
            allow him to offer testimony to a jury as to conclusions he has
18          reached on the basis of this **highly filtered version of events**, is
            **unacceptable.** Kramer's reliance upon the spoonfed depositions led
19          him to draw questionable conclusions about Ambassador that he
            might not have drawn had he properly reviewed all of the
20          depositions in an unfiltered fashion.

21  (Emphasis added.)  *Crowley*, 322 F.Sup.2d at 546-547.

22      Here, similarly, all of Dr. Udinsky's analysis, opinions and calculations are based
23  on the Plaintiffs' filtered version of events. Dr. Udinsky's analysis does not take into
24  account the information provided by Graham Norris of FaunaSafe, who testified that
25  FaunaSafe has no money.  Dr. Udinsky also did not consider that Plaintiffs' own
26  psychological expert, Dr. Colin Koransky, testified that there was no reason Plaintiffs
27  could not work. Instead, Dr. Udinsky calculated millions in lost earning capacity for
28  Plaintiffs, based on nothing more than the Plaintiffs' version of events. As such, none

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-1031-2708.1                                        -8-
NOTICE OF MOTION AND MOTION IN LIMINE NUMBER EIGHT TO EXCLUDE PLAINTIFFS' EXPERT DR.
JERALD UDINSKY, PH.D

1  of Dr. Udinsky's testimony is reliable. His entire testimony is based on speculation and
2  unreliable information from the Plaintiffs themselves. Dr. Udinsky admits he did no
3  independent research or audit of the information provided to him.

4       All of Dr. Udinsky's testimony regarding the Plaintiffs' damages from FaunaSafe
5  are further unreliable as Dr. Udinsky admits that FaunaSafe was a new company and still
6  considers it to be in the early stages of development. (Udinsky depo p 45:21-46:16,
7  52:21-53:8, 68:3-11). "[W]here the operation of an established business is prevented
8  or interrupted, as by a tort or breach of contract or warranty, damages for the loss of
9  prospective profits that otherwise might have been made from its operation are generally
10 recoverable for the reason that their occurrence and extent may be ascertained with
11 reasonable certainty from the past volume of business and other provable data relevant
12 to the probable future sales." *Kids' Universe v. In2Labs*, 95 Cal. App. 4th 870, 883 (Cal.
13 App. 2d Dist. 2002).  On the other hand, where the operation of an unestablished
14 business is prevented or interrupted, damages for prospective profits that might
15 otherwise have been made from its operation are not recoverable for the reason that their
16 occurrence is uncertain, contingent and speculative. *Id.*  "The general principle that
17 damages for the loss of prospective profits are recoverable where the evidence makes
18 reasonably certain their occurrence and extent." *Id.*

19      It is axiomatic that the information upon which an expert bases his opinion must
20 be reliable, and here Dr. Udinsky's information is solely derived from self-serving
21 information straight from the Plaintiffs themselves, without any indepdent analysis or
22 audits. Furthermore, the information is contradicted by Plaintiffs' own expert, Dr. Colin
23 Koransky, and the person with the most knowledge from FaunaSafe, Mr. Graham Norris.
24 *In re TMI Litig.*, 193 F.3d at 697; see also *Montgomery County v. Microvote Corp.*, 320
25 F.3d 440, 448-49 (3d Cir. 2002)

26 / / /

27 / / /

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 **III.    CONCLUSION**

2    Based on the foregoing, Defendants respectfully request that the Court grant

3 this motion to exclude the testimony of Jerald Udinsky, Ph.D. in this litigation.

4

5

6 DATED: October ___, 2009    LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8

9                              By: _____
                                      Esther P. Holm, Esq.
10                                    Tim J. Vanden Heuvel, Esq.
                               Attorneys for Defendants AMERICAN EXPRESS
11                             TRAVEL RELATED SERVICES COMPANY, a
                               New York corporation; ABERCROMBIE & KENT,
12                             INC., an Illinois corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 **PROOF OF SERVICE**

2 ***GALLAGHER V. AMERICAN EXPRESS, ET AL.***
3 USDC - CENTRAL CASE NO.:  SACV08-743 AG (RNBx)
  OUR FILE NO.: 50013-503

4

5 STATE OF CALIFORNIA, COUNTY OF ORANGE

6         I am employed in the County of Orange, State of California.  I am over the age
  of 18 and not a party to the within action.  My business address is 650 Town Center
7 Drive, Suite 1400, Costa Mesa, California 92626.

8         On October 16, 2009, I served the following document described as:
  **NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE**
9 **PLAINTIFFS' EXPERT DR. COLIN G. KORANSKY, Ph.D (Motion in Limine**
  **No. 7 of 13)** on all interested parties in this action by placing a true copy thereof
10 enclosed in sealed envelopes addressed as follows:

11
| | |
|---|---|
| Richard Cauley | Attorneys for Plaintiff, RICHARD GALLAGHER, an individual, and JOHANNA SANCHEZ, an individual |
| Jason B. Witten | |
| WANG, HARTMANN, GIBBS & CAULEY | |
| 1301 Dove Street, Suite 1050 | |
| Newport Beach, CA 92660 | |
| (949) 833-8483 | |
| (949) 833-2281 Fax | |
| richardcauley@whqclaw.com | |
| jasonwitten@whqclaw.com | |

17 [ ]   (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package
        addressed to the persons at the addresses listed above and (specify one):

18        [ ]    Placed the envelope or package for collection and mailing, following our
19 ordinary business practices.  I am readily familiar with the firm's practice for
  collection and processing correspondence for mailing.  Under that practice, on the
20 same day that correspondence is placed for collection and mailing, it is deposited in
  the ordinary course of business with the U.S. Postal Service, in a sealed envelope or
21 package with the postage fully prepaid.

22 [X]   (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or
        package provided by an overnight delivery carrier and addressed to the persons
23        at the addresses listed above. I placed the envelope or package for collection
        and delivery at an office or a regularly utilized drop box of the overnight
24        delivery carrier.

25 [ ]   (BY MESSENGER SERVICE) I served the documents by placing them in an
        envelope or package addressed to the persons at the addresses listed above and
26        providing them to a professional messenger service.  (A proof of service
        executed by the messenger will be filed in compliance with the Code of Civil
27        Procedure.)

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-1031-2708.1                                     -11-
NOTICE OF MOTION AND MOTION IN LIMINE NUMBER EIGHT TO EXCLUDE PLAINTIFFS' EXPERT DR.
JERALD UDINSKY, PH.D

1   ☒   (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order
or an agreement of the parties to accept service by e-mail or electronic
2   transmission, I caused the documents to be sent to the persons at the e-mail
addresses listed above. I did not receive, within a reasonable time after the
3   transmission, any electronic message or other indication that the transmission
was unsuccessful.

4
     I declare under penalty of perjury under the laws of the State of California that
5 the above is true and correct.

6      Executed on October __16, 2009, at Costa Mesa, California.

7

8                         _____
                              Erin L. Montgomery

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



4837-1031-2708.1

NOTICE OF MOTION AND MOTION IN LIMINE NUMBER EIGHT TO EXCLUDE PLAINTIFFS' EXPERT DR.
JERALD UDINSKY, PH.D